LUCIUS M. SHEHY v. ELIZABETH CUNNINGHAM ET AL.

PAROL PROOF THAT CONSIDERATION OF DEED EXPRESSING VALUABLE CONSIDERATION
WAS LOVE AND AFFECTION, ADMISSIBLE.

In an action for the distribution of a decedent's estate coming by inheritance, parol evidence is admissible to show that a deed which, upon its face expresses a valuable consideration, was in fact a gift for natural love and affection and as an advancement. The case of *Cowden v. Cowden*, 28 O. C. C. 71, overruled.

[For other cases in point, see 3 Cyc. Dig., "Deeds," §§ 119-125.—Ed.]

[Syllabus by the court.]

ERROR to Mahoning common pleas court.

Arrel, Wilson & Harrington, for plaintiff in error.
Moore & Craver and S. M. Thompson, for defendants in error.

COOK, J.

The action in the common pleas court was by Lucius M. Shehy to recover from his three sisters the sum of $5,000, it being the one-fourth part of $20,000 received by them from the sale of real estate inherited by him and his three sisters from their father.

The sisters admitted that Lucius was entitled to the one-fourth part of the real estate but claimed that there should be deducted from the same the value of a certain parcel of real estate given by the father to Lucius as an advancement.

By the evidence it appears that on April 15, 1890, some years before his death, the father conveyed to Lucius ninety-nine acres of land by deed of general warranty for the consideration expressed in the deed of $4,700, and the son went into possession of the property. At the time of the execution of the deed the father took from the son a receipt setting forth that the conveyance was made on account of Lucius's interest in his father's estate. The case was tried to the court, a jury being waived and the court found that the conveyance of the ninety-nine acres of land was an advancement and gave judgment for the plaintiff for the sum of $726.65, the difference, with interest, between the $5,000 and the value of the land so conveyed.

While there is some conflict in the evidence yet we are fully satisfied that the court was fully justified in finding that the conveyance

Shehy v. Cunningham.

from the father to the son was an advancement under the evidence, **if** the same was admissible.

The principal question, however, made below and also before **us,** is that the parol evidence admitted for the purpose of showing that, while the deed upon its face stated that the consideration was a valuable one, yet in fact it was a gift as an advancement, was improperly admitted.

Waiving the question as to whether or not the receipt should be read in connection with the deed and as part of the same, we think **the** court below was right in admitting the parol evidence.

No question of title was involved as to the ninety-nine acres; **it** was simply as to whether or not Lucius should account for the $4,700. If the manner of descent of the ninety-nine acres had been at issue, **the** consideration could not be changed by parol evidence from a valuable one, as shown in the deed, to a good one for natural love and affection. *Brown* v. *Whaley,* 58 Ohio St. 654 [49 N. E. Rep. 479; 65 Am. St. Rep. 793] ; *Groves* v. *Groves,* 65 Ohio St. 442 [62 N. E. Rep. 1044].

Indeed, in this case the question of consideration is not involved at all, only in so far as it shows the value of the ninety-nine acres **in** the division and distribution of the estate.    Revised Statutes 4172 (Lan. 6870).

But it is said that the case of *Cowden* v. *Cowden,* 28 O. C. C. **71,** decided by this court at the October term, 1905, is contrary to the holding now made.  So it is.  That case was properly decided under the evidence, but in so far as the law laid down in that case upon this question the court was wrong.  The law, as stated in the syllabus, was correct but was misapplied to the facts of the case.  We will not be controlled by that case and the same is overruled.

Judgment affirmed.

**Burrows** and **Laubie, JJ.,** concur.